UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X
TRAMELL THOMPSON

        Plaintiff,                                  Case No.:

        -against-

                                          **VERIFIED COMPLAINT**

JOHN LANDERS, *in his official and individual capacity*
WILLIAM RIVERA, *in his official and individual capacity*    **JURY TRIAL DEMANDED**
And MTA NEW YORK CITY TRANSIT *in its official capacity*

        Defendants,
―――――――――――――――――――――――――X

Plaintiff, TRAMELL THOMPSON, through his attorneys, Keith White, PLLC and Kenneth J. Montgomery, PLLC., as and for his complaint against JOHN LANDERS, WILLIAM RIVERA and MTA NEW YORK CITY TRANSIT alleges as follows:

## INTRODUCTORY STATEMENT

1. This is a cause of action in which Plaintiff alleges that he was subjected to racial harassment, sexual harassment, defamation and illegal retaliation by the individual defendants in violation of Title VII of the Civil Rights Act of 1964. Plaintiff further alleges that Defendant MTA New York City Transit bears vicarious liability for the acts of the individual defendants for reasons including, but not limited to, its failure to supervise its employees and its failure to have in place policies and procedures for preventing racial and sexual discrimination and harassment.

―――――――――――――――――――

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title VII and 42 U.S.C.A. § 2000e-5(f) and under the Court's pendant jurisdiction to hear claims arising under State and local law.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) and Title VII, and 42 U.S.C.A. § 2000e-5(f) as the Plaintiff's place of employment was within the district and the alleged acts of retaliation occurred within the district.

## PARTIES

4. Plaintiff is an African-American male and resident of Kings County, New York. Plaintiff is also a revenue conductor at MTA New York City Transit. He has been employed continuously by MTA New York City Transit, Inc. since approximately September 2013.

5. Plaintiff is an "employee" of MTA New York City Transit, Inc. within the meaning of 42 U.S.C. § 2000e and thus afforded protection against racial discrimination, harassment and retaliation.

6. Defendant MTA New York City Transit (MTA) is an agency of the Metropolitan Transportation Authority, State of New York with more than 500 employees doing business in the Eastern District and the State of New York.

7. Defendant John Landers is a white male and at all times relevant to this complaint, is an employee at MTA New York City Transit, Inc.

8. At all relevant times herein, Defendant John Landers was in a position to retaliate against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

9. Defendant William Rivera is a Hispanic male and at all times relevant to this complaint, is an employee at MTA New York City Transit.

10. At all relevant times herein, Defendant William Rivera was in a position to retaliate against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

## STATEMENT OF FACTS

11. Plaintiff became an employee of Defendant MTA New York City on September 29, 2013.

12. Plaintiff became a Union Shop Steward in February of 2016.

13. From February 2016 to January 2017, Plaintiff became vocal in his opposition to a contract between his Union, TWU-Local 100 and Defendant MTA.

14. At the time, Plaintiff held the full-time position of Conductor for MTA New York City Transit, Inc., earning as compensation thirty dollars and eleven cents ($30.11) per hour.

15. In November of 2016, Plaintiff implicitly asserted that Defendant MTA and his local union were working together to the detriment of black employees. To this end, Plaintiff posted a picture of a sweatshirt on Facebook that read, "Gentrify My Paycheck."

16. In December of 2016, Plaintiff stated on a radio show that he would not strike with his union because he felt that the negotiation process was unfair.

17. On December 17, 2016 Defendant Landers sent Plaintiff Facebook messages of meme caricatures depicting plaintiff as stereotypical black characters with exaggerated lips, jewelry and hip hop costumes (see Plaintiff's Exhibit A). The Plaintiff's first name was typed at the top of the graphic and a caption under the graphic read, "We be like fuckin those MTA crackers up if we don't get ours" (see Plaintiff's Exhibit A).

18. Additionally, on December 17, 2017, Defendant Landers sent messages to Plaintiff stating, "….Your ilk has no chance of winning ever" (also observable in Plaintiff's Exhibit A).

19. Further, on December 17, 2016, Defendant Landers sent Plaintiff a Poster via Facebook and named the Plaintiff as a "Scab." The Poster then defines the "scab" as someone who has "betrayed his Master."

20. On December 30, 2016, Defendant William Rivera posted a picture of Plaintiff and called him a "Sexual Predator" (see Plaintiff's Exhibit B). On the picture posted by Defendant Rivera, the words are written "beware of this sexual predator."

21. Defendant Rivera went further by calling Plaintiff a "Tranny" via Facebook messages (see Plaintiff's Exhibit C).

22. In response, Plaintiff reported this series of conduct to Defendant MTA on January 4, 2017.

23. Defendant MTA failed to respond to Plaintiff's complaint so Plaintiff filed a second complaint against Defendants on January 17, 2017.

24. On January 27, 2017 Defendant MTA sent Plaintiff a notice informing Plaintiff that Defendant MTA was dismissing Plaintiff's complaints because "Facebook posts and Private messages…fall outside the purview of EEO & Diversity" (see Plaintiff's Exhibit D).

25. On January 19, 2017 Plaintiff sent a request to the Equal Employment Opportunity Commission (EEOC) to formally file Racial Discrimination Charges against MTA New York City Transit, Inc., and the individual defendants Landers and Rivera.

26. On September 19, 2017, the EEOC issued a Right-to-Sue letter (Attached hereto as Exhibit E) in this matter.

27. This action is timely commenced within the ninety (90) day statutory period in which a Plaintiff in possession of a Right-to-Sue letter may bring an action.

## AS FOR A FIRST CAUSE OF ACTION

### (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)

28. The foregoing paragraphs are re-alleged and incorporated by reference herein.

29. The conduct of the defendants as alleged at length herein constitutes racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e. Specifically, Defendants made racially disparaging comments about Plaintiff by depicting Plaintiff as an exaggerated cartoon character and with stereotypical urban slang and by telling the Plaintiff that his "ilk has no chance of winning ever."

30. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A SECOND CAUSE OF ACTION

### (Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)

31. The foregoing paragraphs are realleged and incorporated by reference herein.

32. The conduct of the defendants as alleged at length herein constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e. Specifically, Defendants made repeated derogatory remarks about Plaintiff's sexuality and sexual identity and Defendants published photos of the Plaintiff and labeled Plaintiff a "sexual predator." Defendants further contacted Plaintiff and would repeatedly call Plaintiff a "tranny," a

derogatory term that is used to describe transgender or transsexual individuals (see Plaintiff's Exhibit F).

33. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A THIRD CAUSE OF ACTION

**(Hostile and Abusive Working Environment in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)**

34. The foregoing paragraphs are realleged and incorporated by reference herein.

35. The conduct of the Defendants as alleged at length herein, including but not limited to the numerous instances of inappropriate commentary by Defendants Landers and Rivera, subjected Plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

36. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A FOURTH CAUSE OF ACTION

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981)**

45. The foregoing paragraphs are realleged and incorporated by reference herein.

37. The conduct of the Defendants as alleged at length herein, including but not limited to their attempts to discredit and intimidate Plaintiff, constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Specifically,

Defendants attempted to defame and discredit Plaintiff after Plaintiff disagreed with Defendants about the fairness and equity of their employment contract.

38. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

## AS FOR A FIFTH CAUSE OF ACTION

**(Violation of New York State Human Rights Law § 296)**

39. The foregoing paragraphs are realleged and incorporated by reference herein.

40. The Defendants' conduct as alleged at length herein, including but not limited to acts that contributed to the creation of a hostile work environment constitute violations of New York State Human Rights Law § 296.

41. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under New York State Human Rights Law § 296 causing him to suffer economic damages.

## AS FOR A SIXTH CAUSE OF ACTION

**(Violation of New York City Human Rights Law § 8-107)**

42. The foregoing paragraphs are realleged and incorporated by reference herein.

43. The conduct of the Defendants as alleged at length herein, constitutes violations of New York City Human Rights Law § 8-107.

44. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under New York City Human Rights Law § 8-107.

## AS FOR A SEVENTH CAUSE OF ACTION

**(Defamation and Libel Per Se)**

45. The foregoing paragraphs are realleged and incorporated by reference herein.

46. Defendants either published, or caused to be published, defamatory statements about the Plaintiff.

47. Specifically, these defamatory statements included the false statement that Plaintiff was a "sexual predator."

48. Defendants published these defamatory statements to the public through social media, to whit, Facebook posts.

49. These defamatory statements were untrue and defamatory in that they falsely reported the Plaintiffs character and actions, and Defendants knew, or should have known, that such statements were false.

50. Defendants published these false and defamatory statements with malice.

51. Defendants published these false and defamatory statements with knowledge of their falsity and/or with a reckless disregard for the truth or falsity of these statements.

52. These statements constitute defamation and/or libel *per se* because they falsely portray the Plaintiff as sexual predator.

53. These statements constitute defamation and/or libel *per se* because they falsely impugn the Plaintiffs trustworthiness, dependability, professional fitness and abilities by falsely charging Plaintiff with engaging in sexually predatory activities and/or other conduct that would tend to injure the Plaintiff in his trade or business, namely as a conductor for Defendant MTA.

54. These false and defamatory statements have caused the Plaintiff embarrassment, humiliation and emotional injury.

55. Defendants are liable to the Plaintiff for defamation.

56. Defendants knew, or should have known, of the falsity of such statements made via Facebook posts on December 30, 2016.

57. Upon information and belief, Defendants have made, and continue to make, this and similarly false and defamatory statements about the Plaintiff to third parties.

58. As a result of said defamation, the Plaintiff continues to suffer from humiliation, loss of standing in the community, loss of self-esteem, public disgrace and severe and extreme emotional distress.

59. The defamatory acts committed against the Plaintiff by Defendants were intentional, willful, wanton, malicious and oppressive and were made without regard for the truth or the Plaintiffs well-being and were based on a lack of concern and ill-will towards the Plaintiff and/or a deliberate or reckless disregard for her rights, for which the Plaintiff is entitled to an award of punitive damages.

60. The Plaintiff has suffered harm as a result of the defamatory statements including, but not limited to, reputational harm, emotional distress and mental anguish and the statements were defamatory *per se*.

61. As a result of Defendants' conduct, the Plaintiff is entitled to monetary and punitive damages.

**WHEREFORE**, the Plaintiff TRAMELL THOMPSON requests that this Court enter judgment against the Defendants ordering the individual defendants to compensate Plaintiff for the racial discrimination, hostile work environment, sexual harassment and all other discrimination that he was forced to endure; ordering the individual defendants to compensate Plaintiff for their illegal retaliation against him; granting any injunctive relief as may be appropriate; awarding Plaintiff costs and reasonable attorneys' fees; and directing such other and further relief as the Court may deem proper.

Dated: September 27, 2017

Brooklyn, NY                                        By:        /s/ Keith White_____

                                            KEITH WHITE, PLLC
                                  KENNETH J. MONTGOMERY, PLLC
                                      *Attorneys for Plaintiff*
                                      *Tramell Thompson*
                                      198A Rogers Avenue
                                      Brooklyn, NY 11225
                                      718-403-9261